



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 19, 1939

Honorable James K. Evetts
District Attorney
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-409
Re: Minimum salary of county at-
torney under Officers' Salary
Bill.

This will acknowledge receipt of your request of
March 2nd seeking our opinion as to the proper salary of
your county attorney under the provisions of the Officers'
Salary Bill, (Art. 3912-e, Vernon's Revised Civil Statutes).
You state the county attorney reported fees earned by him
during the fiscal year of 1936 as aggregating Two Thousand
Five Hundred Eighty-Nine and 50/100 ($2,589.50) Dollars of
which amount the sum of Seven Hundred Fifty-Four ($754.00)
Dollars represented fees where the defendants were convicted
in criminal cases but instead of paying their fines, served
time in the county jail. It appears from your letter that
the Commissioners' Court of Bell County, in following out
the mandate of the Officers' Salary Bill, first set the
salary of said county attorney at Two Thousand Five Hundred
Eighty-Nine and 50/100 ($2,589.50) Dollars, accepting that
figure as the minimum salary they could set under the law;
but in 1937 and 1938 the court reduced the salary Seven
Hundred Fifty-Four ($754.00) Dollars each year on the theory
that such amount, representing fees where the defendants
laid out their fine and costs in jail, could not be included
within the meaning of the phrase, "total sum earned as com-
pensation by him in his official capacity", which is the
minimum salary the Commissioners' Court is authorized to
set for county officers.

Section 13 of the Officers' Salary Bill (Article

3912-e, supra, Section 13) reads in part as follows:

"The Commissioners' Court in counties
having a population of 20,000 inhabitants or
more and less than 190,000 inhabitants, ac-
cording to the last preceding Federal Census,
is hereby authorized and it shall be its duty
to fix the salaries of all the following named
officers, to-wit: Sheriff, Assessor and Col-
lector of Taxes, County Judge, County Attorney,
including Criminal District Attorneys and County
Attorneys who perform the duties of District
Attorney, District Clerk, County Clerk, Trea-
surer, Hide and Animal Inspector. Each of said
officers shall be paid in money as annual sal-
ary in twelve (12) equal installments of not
less than the total sum earned as compensation
by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount
allowed such officer under laws existing on
August 24, 1935;" (Underscoring ours).

The questions you ask are answered by an inter-
pretation of the portion of the statute we underscored
above. The specific application is whether the Seven
Hundred Fifty-Four ($754.00) Dollars representing fees
satisfied by defendants remaining in jail in 1935 should
be counted as part of the "total sum earned as compensa-
tion by him". That the basis of the minimum salary possi-
ble under the law is the sum total of both the fees col-
lected and uncollected to which the officer would have
been legally entitled for the year 1935, is not open to
reasonable question. The use of the word "earned" rather
than "collected", especially where the one word was sub-
stituted for the other by the Legislature in the process
of enactment, would seem to settle the issue beyond dis-
pute. This rule has been recognized by both the present
administration of this Department as well as the preced-
ing one.

But, it is argued that by virtue of the pro-
visions of Article 1055, C. C. P., since in 1935 the
county attorney would be entitled to only one-half of

the fees paid by the county in cases where defendants did
not pay their fine and costs, and since even the county
could pay nothing under that statute or any other unless
the defendants were compelled to work out their fines
and costs in certain ways, that the county attorney should
have received no compensation in such cases in 1935, there-
fore, it was not proper that the court should take such
cases in consideration in arriving at said minimum salary
permitted by Article 3912-e, supra. Under our statutes
there are three sources for the payment of costs in crimi-
nal cases. These are: (1) Costs paid by the State. See
Arts. 1016-1036, C. C. P. (2) Costs paid by the county;
See Arts. 1037-1060, C. C. P. and (3) Costs paid by the
defendant; see Arts. 1061-1072. Of course, when a de-
fendant satisfies a fine by remaining in jail rather than
pay the fine in money, the State does not pay the county
attorney any part of his fee, except as provided by said
Article 1055, C. C. P., where the county is authorized to
pay the county attorney one-half his costs if the defendant
worked out his fine and costs in the workhouse, on the
county farm, on the public roads or upon any public works
of the county; but in any event the defendant owes the
fine and costs the moment the judgment against him becomes
final. And at that moment, the fee of the county attorney
becomes an "earned" fee, because the duty of the said
attorney is at an end; his work in the case is complete.
He is not charged by statute directly or by implication
with the enforcement of the judgment. Article 1055, C. C. P.
can have no possible application until the judgment becomes
final; it is a collection statute in the sense that it
provides a means by which the fine and costs are satisfied
by the convict, and in return for work of the convict the
county pays the officer half his costs.

The very language of Article 1055, C. C. P., in-
dicates the legislative recognition that the officer's
costs have become accrued costs as a charge against the
defendant, and that payment to said officer of one-half
said costs by the county in return for labor on the part
of the convict is merely a legal means for satisfying said
costs, and does not detract in any degree from the fact
the full item of said costs were earned when the duty of

the county attorney was fulfilled. We quote said Article 1055, C. C. P.:

"Half costs paid officers.

"The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal costs as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the county treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated."

In the case of Ex Parte Mann, 46 S. W. 828, the court held that even though the Governor had the power to grant a pardon to a person convicted of a misdemeanor and to remit his fine, he had no power to remit or release him from the payment of the costs in the case because the officers, (which includes the county attorney) had a vested right in such costs which the governor could not take away or disturb. The court said:

"They, (the people) have not conferred authority upon him (the Governor) to take away the rights of individuals or of officers of the state when these rights have become vested. So we may say, as far as the citizen is concerned, when any of his rights have become vested, it is beyond the power of the Governor to interfere. Such we understand to be the unbroken line of authorities. We hold that the pardon granted by the Governor cannot operate as a release of the convicted person, in a case like the one in hand (a misdemeanor conviction) from the payment of costs adjudged against him."

We cannot understand how the county attorney or any other officer whose costs are taxed and entered as a part of the judgment in a misdemeanor case can have a

vested right in his costs unless he has earned such costs.

In our opinion heretofore rendered (Opinion No. O-345, date March 9, 1939) wherein we had under consideration the minimum salary of district clerks under the same provision of the statute here involved, we traced the Legislative history of the Officers' Salary Bill. We found that as introduced in the Senate it provided certain set schedules of pay for officials in counties of different population. The original House Bill contained the clause "not less than the total sum received as compensation by him in his official capacity for the fiscal year 1935" being the exact language of our present statute, except that the word "earned" is now in the law in lieu of the word "received" in the bill. The law as finally passed was written by a conference committee composed of members of each House of the Legislature, was passed by them and signed by the Governor with the word "earned" substituted for "received".

The argument has been advanced that the word "compensation" in the phrase "earned as compensation" denotes the necessity that the money be payable before it could be considered as part of the sum total to be used as the criterion for the minimum salary of the official; that the Legislature in enacting the statute did not confine to the use of the term "earned", nor did they say "earned fees" but rather used the term "earned compensation". It is our opinion the term "earned compensation" is broader and includes more than "earned fees"; that the reasonable deduction for its use was the apparent intention of the legislature to include not only fees earned but ex-officio salary of the official during the year 1935 as well.

For the reasons given, we are constrained to specifically over-rule conference opinion No. 2980, written by Assistant Attorney General Joe J. Alsup on February 7, 1936, and now hold a county attorney is entitled to have all compensation actually earned during 1935 considered in fixing his minimum salary for all years since the effective date of the Officers' Salary Bill.

Therefore, your questions are each answered in the affirmative;  the county attorney of Bell County was legally entitled to consider the $754.00 of fees where defendants laid out their fines in jail after conviction in 1935 as earned fees under the present law; that the court had no legal right to deduct said amount, and that Bell County is legally liable to the county attorney for the difference.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Benjamin Woodall
Assistant

BW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS